

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 29, 1959

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas

Opinion No. WW-660

Re: Whether the policy
followed by the
Texas Education
Agency and the
method employed in
filing expense claims
where a group return
is involved is in ac-
cordance with the leg-
islative intent set out
in the current General
Appropriation Act.

Dear Dr. Edgar:

You have requested our opinion regarding
a question predicated upon the following facts
which we quote from your letter:

"The Texas Education Agency
requires personnel to travel to-
gether in the same vehicle when
the performance of the official
duties permit without injuring the
efficiency of the organization and
when it is more economical to the
state, and to require a group to
return to their official station on
week-ends and/or daily when the cost
of transportation is less than the
per diem cost of maintaining the en-
tire group in the field. See: H.B.
133, Acts 55th Legislature, R.S. (Ap-
propriation Bill) General Provisions
Section 31g, at pg. 1155.

"The Division of School Audits
has consistently followed this policy.
However, the Comptroller of Public

Accounts is refusing to pay the
April expense account for one of
our field auditors, said expense
account having been submitted in
accordance with the above stated
policy. The Comptroller contends
that the definition of 'cheaper'
as shown in Sec. 31g, supra, re-
fers to one employee, and that we
cannot group employees. . . ."

The question you pose is as follows:

". . . whether the policy
followed by this agency and the
method employed in filing expense
claims where a group return is in-
volved is in accordance with the
legislative intent set out in the
current General Appropriation Act."

In determining the intent of the Legislature
with regard to travel expense and per diem allowance
for State employees we must look to the wording of
House Bill No. 133, Acts of the 55th Legislature,
Regular Session, 1957, hereinafter referred to as the
Appropriation Act.

Section 29(e) of Article VI of the General
Provisions of the Appropriation Act provides that the
"heads of agencies shall plan the travel of all em-
ployees under their authority so as to achieve maximum
economy and efficiency."

Section 30(a) of Article VI of the General Pro-
visions of the Appropriation Act provides that where
". . . two or more employees travel in a single private
conveyance, only one shall receive a transporation allow-
ance, but this provision shall not preclude each traveler
from receiving a per diem allowance"; thus further showing
a legislative intent toward economy by allowing only one em-
ployee a transportation allowance where a group travels to-
gether, while allowing all of the employees a per diem allow-
ance.

Keeping the foregoing statements in mind, let us now consider the following portion of Section 31 (g) of Article VI of the Appropriation Act:

"Except when it is cheaper, a traveling State employee may return to his headquarters daily or on the week-end rather than stay out at State's expense; cheaper -- as it applies to daily round trips shall be determined by computing the mileage and per diem on a daily basis and the entire mileage and per diem on any one day shall not exceed the per diem allowance of $8.00."

Thus, in our opinion, there can be no doubt that the Legislature intended, and has expressed its intent, that economy and efficiency shall be the primary considerations in the planning of and reimbursement for the travel of State employees in the performance of their duties.

The portion of Section 31(g) quoted above makes it clear that an employee traveling alone may make daily round trips only when the round trip mileage allowance and per diem does not exceed his maximum per diem allowance of $8.00.

Let us now consider the situation where two or more State employees are traveling together by private conveyance. As we have pointed out above, group travel of this nature was intended by the Legislature; only one of the group shall receive a travel allowance and all may received per diem. The maximum per diem would be $8.00 times the number of employees. If the mileage allowance for a daily round trip, plus whatever the per diem for the group would be, does not exceed $8.00 times the number of employees in the group, it would not be as economical for the group to stay out at State's expense as it would be to return to headquarters.

If a round trip is not made, the obvious result in such a situation is a greater expenditure of State funds. This would not be in keeping with the express intent of the Legislature to effectuate a policy of economy and efficiency with regard to the travel of State employees.

Therefore, in our opinion, considering the Legislature's express authority for group travel in Section 30(a), the Legislature intended that such group travel be accomplished with economy and efficiency and that group travel with regard to daily round trips be governed by the provision of Section 31(g) quoted above. That is to say, that even though the wording of this provision governing daily round trips speaks of "employee" in the singular, in our opinion the Legislature intended that "employee" include employees traveling in a group and that the $8.00 per diem referred to in Section 31(g) means $8.00 per diem per member of the group.

We therefore answer your question by saying that the policy followed by the Texas Education Agency and the method employed in filing expense claims where a group return is involved is in accord with the legislative intent set out in the current General Appropriation Act.

## SUMMARY

The intent of the Legislature with regard to travel of State employees is that it be accomplished with economy and efficiency. This intent applies to an employee traveling alone as well as employees traveling in groups. Therefore, Section 31(g), H. B. 133, Acts of 55th Legislature, Regular Session, 1957, p. 1155, which is the authorization for daily round trips, though worded in the singular applies to group travel. The policy followed by the Texas Education Agency where a group return

is involved is in accord with
the intent of the Legislature.

Very truly yours,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
Assistant

WOS:rm

APPROVED:

OPINION COMMITTEE
L. P. Lollar, Chairman

Marvin F. Sentell
Charles D. Cabaniss
Paul W. Floyd, Jr.
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert